In my opinion, there is compelling evidence that plaintiff misrepresented that his injuries were work-related, defendant reasonably relied on that misrepresentation, and defendants Form 60 Admission of Employees Right to Compensation should be set aside.
On 8 March 1995, plaintiff was assaulted by a passenger during the course of plaintiffs employment as a flight attendant. Plaintiff fell down a row of seats and then onto the floor. Plaintiff denied any injury when the incident report was completed. On 16 May 1995, more than two months later, plaintiff was examined by Dr. Ondrejicka, his family physician in Florida, with complaints of pain in his left shoulder going into his neck and low back. During this examination, plaintiff did not inform Dr. Ondrejicka of the 8 March 1995 incident and did not claim that his condition was work-related. Plaintiffs primary complaint was "bursitis in his left shoulder and his desire to quit smoking cigarettes.
On 15 June 1995, plaintiff was examined at the Dunn Chiropractic Wellness Center with complaints of neck pain, left shoulder pain, and low back pain. On the questionnaire for new patients, plaintiff stated that he had been pushed at age 36 (he was 37 at the time of the assault) and answered "none to the question of whether he had ever sustained a job-related injury. Plaintiff stated his correct age (37) on the first page of the questionnaire. He listed his work as a stress in his life. As indicated on the patient consultation form, plaintiff also advised Dr. Dunns office that the cause of his complaints was "unknown and that he had had shoulder pain for 3 months and back pain for 6 months. When plaintiff called in for the appointment, plaintiff had advised Dr. Dunns office that his complaints were not due to an injury or illness.
Plaintiff was examined by Dr. Lancaster, an orthopedic surgeon, on 12 July 1995. On that date, plaintiff completed a patient questionnaire and was specifically asked, "Were you injured at work? Plaintiff responded, "No. In addition, plaintiff listed the date of injury to be 13 June 1995 and that the injury occurred when he "just bent over. Dr. Lancaster diagnosed plaintiff as having sustained a herniated cervical disc and as having left shoulder bursitis. Dr. Lancaster informed plaintiff on 12 July 1995 that surgery was necessary to repair his injuries, and he referred plaintiff to a neurosurgeon. When Dr. Lancaster advised plaintiff of the need for surgery, plaintiff had exhausted his bank of sick leave. His only sick leave at that point was leave he was continuing to accrue.
On 24 July 1995, less than two weeks after being informed that surgery was necessary, but more than four months after the incident, plaintiff first notified defendant that he was injured during the 8 March 1995 assault. Plaintiff telephoned Mr. Walter Callaway, an in-flight supervisor for defendant, to report that he needed to see a doctor as a result of the 8 March 1995 incident.
Relying on plaintiffs statement that he had been injured in a known work-related incident, defendant referred plaintiff to Dr. Bernstein. On 27 July 1995, Dr. Bernstein first examined plaintiff and noted that plaintiff had undergone treatment by his personal physician. He referred plaintiff to the Miller Orthopaedic Clinic, where plaintiff was treated by Drs. Boatright, Chapman and DAlessandro.
On 30 August 1995, defendant completed a Form 60, which described the injury as being to the left shoulder and involving a lumbosacral sprain and further reported that payments of temporary total disability compensation had begun on 27 July 1995. Defendant promptly completed the Form 60 in reasonable reliance on the fact that an incident had occurred at work and on plaintiffs representation that he had sustained injuries in that incident. Defendant had no reason to question its employees claim or to investigate further at that time. One of the purposes of the Form 60 is to expedite payment of compensation benefits.
When defendant contested plaintiffs alleged inability to return to work after 12 November 1996, defendant discovered the medical records disclosing plaintiffs disclaimers that he had sustained any work-related injury. Defendant did not have constructive notice of plaintiffs disclaimers by virtue of Dr. Bernsteins knowledge of plaintiffs prior medical treatment. The "company doctor should not be expected to take on the role of investigating the validity of a workers compensation claim and reporting suspicions to the employer. Likewise, the claims representative should not be expected to raise suspicions about what was otherwise a known work incident and scour through the medical records for evidence that might dispute the employees claim.
Defendants failure to discover the prior medical records earlier was excusable. The evidence in the medical records disclosing plaintiffs repeated denials of a work-related injury is material evidence that was not reasonably discovered by defendant until the dispute arose about plaintiffs ability to return to work. Plaintiffs explanations of why he repeatedly denied a work-related injury are patently incredible in light of the numerous disclaimers and the surrounding circumstances. Plaintiff was not injured in the 8 March 1995 incident at work, and he did not contend otherwise until he was advised of a need for surgery and had exhausted his sick leave.
Accordingly, defendants motion to set aside the Form 60 Admission should be allowed in the interest of justice and on grounds of newly discovered evidence. G.S. 97-17, 97-82(b); Baker v. City of Sanford,120 N.C. App. 783, 790, 463 S.E.2d 559, 564 (1995). Plaintiffs injuries were not the result of the 8 March 1995 incident at work, and plaintiff is not entitled to compensation under the Act.
For the foregoing reasons, I respectfully dissent.
 S/______________ RENE C. RIGGSBEE COMMISSIONER